No. ——

WILLIAM SANDEL *v.* D. B. DOUGLAS, Sheriff, et als.

HOWELL, J. This case is embraced in the record with the one of the same title just decided, the evidence by agreement in each being used in both, although the defendants are not all the same.

In this case the plaintiff sues the sheriff and the sureties on his official bond for five bales of cotton or their value, which he says belong to him, by having raised two and purchased the others, and which he charges were illegally and fraudulently seized by the sheriff, under writs of execution, in the suits of Francke & Danneel *v.* S. A. Bell, and B. Selbornagh & Co. *v.* S. A. Bell, in the district court, and a writ of attachment in the suit of S. J. Futch *v.* William Henry, in the parish court. He also claims damages for attorney's fees, trouble, expenses, etc., growing out of the taking of said cotton, and a further damage from a decline of two cents per pound in the value of the cotton. He made R. A. Phelps, the present sheriff, a party, on the allegation that two of said bales had been turned over to him by his predecessor, Douglas.

Douglas and his sureties excepted to the jurisdiction of the district court, on the ground that by the allegations two bales of the cotton claimed had been delivered to the acting sheriff, and the value of the remainder is less than five hundred dollars, and the claim for damages is purely fictitious. This exception was properly overruled. The prayer is for the five bales, alleged to be worth over five hundred dollars, and the demand against Phelps is in the alternative. Douglas and his sureties answered by a general denial, and averred that Douglas was acting in his official capacity under the writs described in the petition, and had seized the plantation of Mrs. Bell with the growing crop thereon, as he was expressly commanded in the writs, and therefore incurred no liability; that all the cotton seized and afterward

baled was turned over to his successor in office; that if any part thereof was ever in the possession of plaintiff, his possession was illegal; that under the writ of attachment, in suit of S. J. Futch *v.* William Henry, one bale was seized and stored in courthouse, and burned with said building; but it is denied that said bale belonged to or was in the possession of plaintiff; that plaintiff never rented the plantation of Mrs. Bell for the year 1869; that the pretended lease, if it existed in writing, was without the authority of Mrs. Bell, and was a fraudulent simulation to screen the property of Mrs. Bell from her creditors; that it was signed by her husband when from intoxication he was incapacitated to contract, and the lease was repudiated by the wife; that if the sheriff and his sureties incurred any responsibility, the plaintiffs in the said writs are their warrantors. Their prayer was in accordance with their obligations. Phelps filed an answer, but as no judgment was rendered against him, and none is asked from us, it is unnecessary to notice it. The alleged warrantors seem not to have been made parties. After trying the issues thus presented, the judge *ad hoc* gave judgment in favor of plaintiff against Douglas and his sureties, ordering them to deliver to him three bales of cotton marked W. S., and in default thereof pay him $312, and to pay eight per cent. thereon from February, 1870, as damages, with all costs, rejecting the demand against Phelps, and the demand of plaintiff for attorney's fees and other damages. In this court he has asked an amendment of the judgment in this last respect, and as to the two other bales.

The evidence is satisfactory, that the three bales of cotton for which he obtained judgment were purchased by him from the laborers on the plantation, and were a part of their compensation for their labor. The plaintiff was in possession when they were taken by Douglas, who was informed of the facts, but refused to return the said cotton. Under these circumstances the plaintiff is entitled to his cotton or its value at the time it was illegally taken from him, even though he may not have been the lessee of the plantation on which it was raised. As to the two bales marked "Zone," claimed as a part of plaintiff's crop, and the damages for attorney's fees, trouble, etc., we think the record and the law sustain the judgment of the lower court. The evidence does not include the three recovered within the alleged agreement of counsel and parties to sell, the proceeds to abide the result of the litigation. But eight per cent. was erroneously allowed.

It is therefore ordered that the judgment appealed from herein (being suit No. 4927 in the lower court) be amended so as to reduce the interest from eight to five per cent., and that as thus amended said judgment be affirmed, plaintiff to pay costs of appeal.

Rehearing refused.